RENDERED: JULY 17, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0785-MR

NATHAN HAMPTON                                                                APPELLANT

v.               APPEAL FROM BUTLER CIRCUIT COURT
HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 18-CR-00111

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND MOYNAHAN,
JUDGES.

MOYNAHAN, JUDGE: Nathan Hampton appeals from an order of the Butler

Circuit Court revoking his probation. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Pursuant to the terms of a plea agreement, on January 13, 2020, the

Butler Circuit Court sentenced Hampton to a total of five years' imprisonment for

assault in the third degree and a misdemeanor offense. However, the court

suspended the imposition of imprisonment and placed Hampton on probation for five years.[1]  Thus, Hampton's probation was set to expire on January 13, 2025.

In May 2024, the Commonwealth filed a motion to revoke Hampton's probation because he had incurred new misdemeanor charges.  Hampton asked to continue the revocation hearing until the misdemeanor charges were resolved in district court.  The circuit court rescheduled the revocation hearing for July 2024.

On the scheduled hearing date, Hampton's then-counsel stated that a trial on the misdemeanor charges was set to occur in district court later that month. Hampton's counsel asked to continue the revocation hearing until after that trial was held.  The Commonwealth objected, but the circuit court nonetheless granted Hampton's request and continued the revocation hearing until August 2024.  Later, with the joint agreement of the Commonwealth and Hampton, the circuit court postponed the revocation hearing and set a status conference for November 2024.

In November 2024, Hampton asked the circuit court to postpone the revocation hearing until after January 24, 2025—the then-scheduled district court trial date.  The Commonwealth again objected to a continuance.  Neither party, however, discussed the fact that Hampton's revocation was set to expire prior to that district court trial date.  Nonetheless, the inescapable temporal fact is that

---

[1] Hampton's probation began when the circuit court sentenced him and signed the judgment and order of probation, not the later date when the circuit court clerk entered those documents into the record.  *Commonwealth v. Dulin*, 427 S.W.3d 170, 172 n.3 (Ky. 2014).

Hampton explicitly asked the trial court to schedule a revocation hearing on a date after his probation was set to expire. The circuit court rescheduled the revocation hearing for February 11, 2025.

On January 8, 2025, the circuit court issued an order extending Hampton's probation. In relevant part, the order provides that Hampton's probation was "extended while [the] Commonwealth's motion to revoke is pending, not to exceed 180 days, unless otherwise extended pursuant to further orders of this Court." Circuit Court Record, p. 190. The court later continued the revocation hearing until May 2025. Hampton's counsel did not argue that Hampton's probation had expired. The trial court later postponed the revocation hearing until June 2025, after Hampton's new district court trial date. Hampton again did not argue that his probation had already expired.

The final revocation hearing occurred on June 10, 2025. By that point, Hampton had been convicted of two misdemeanor offenses in district court. At the revocation hearing, Hampton's new counsel did not contest whether Hampton had violated his probation. Instead, counsel argued—for the first time— that Hampton's probation had expired on January 13, 2025, because he had not explicitly stated his agreement to extend his probation past that date. The circuit court disagreed and revoked Hampton's probation based on the new misdemeanor convictions. Hampton then filed this appeal.

## ANALYSIS

Hampton does not dispute that there was sufficient evidence to support revoking his probation. Instead, his only argument is that his probation had expired before the trial court revoked it. We review jurisdictional issues *de novo. Petrey v. Commonwealth*, 725 S.W.3d 558, 560 (Ky. App. 2025).

Before we address the merits, we must address the fact that the parties' briefs do not strictly comply with the Kentucky Rules of Appellate Procedure ("RAP"). As the Commonwealth accurately notes, the preservation statement in Hampton's opening brief cites to a page of the record which only contains a portion of our Supreme Court's opinion in *Commonwealth v. Griffin*, 942 S.W.2d 289 (Ky. 1997). The Commonwealth pointed out that obvious error, but Hampton inexplicably declined to correct it in his reply brief. Instead, Hampton incorrectly insists the Commonwealth's accurate observation about his flawed preservation statement is "completely devoid of any merit whatsoever." Reply Brief, p. 1.

However, as the Commonwealth admits on page four of its brief, Hampton did argue in circuit court that his probation expired on January 13, 2025. Accordingly, we decline to impose sanctions for his erroneous preservation statement. Hampton also fails to cite to specific portions of video recordings even though he offers what purport to be direct quotes from certain hearings in his brief.

-4-

We expect Hampton to provide supporting pinpoint citations for any quotations in the future. Finally, Hampton's appendix is deficient. First, Hampton has not provided an index to the appendix "set[ting] forth where each document may be found in the record" as is required by RAP 32(E)(1)(d). Second, the judgment from which Hampton appeals is not the first attached item in the appendix, contrary to the express provisions of RAP 32(E)(1)(a). Counsel should be mindful that our leniency regarding such matters is not boundless.

We similarly decline Hampton's request to sanction the Commonwealth for citing to numerous unpublished opinions in its brief. Citing to unpublished opinions is "disfavored" under RAP 41(A), but doing so is not prohibited. We agree with Hampton to the limited extent that some of the unpublished opinions cited by the Commonwealth largely reiterate points made in published opinions. However, the Commonwealth complied with RAP 41(A)(4) by acknowledging the cited unpublished opinions are not binding authority. In short, we encourage the Commonwealth to avoid citing unpublished opinions when published precedent exists, but decline to impose sanctions.

We now turn our attention to the merits. The overarching question is whether Hampton's probation expired on January 13, 2025, roughly six months before the final revocation hearing. That question is determinative because a court lacks particular case jurisdiction to revoke an expired probation, *Conrad v.*

-5-

*Evridge*, 315 S.W.3d 313, 315 (Ky. 2010), but a circuit court's particular case jurisdiction "is extended" when a defendant knowingly and voluntarily agrees to extend probation past the five-year maximum. *Dulin*, 427 S.W.3d at 171.

Courts must strictly comply with Kentucky Revised Statutes ("KRS") 533.020 when granting or revoking probation. *Commonwealth v. Moreland*, 681 S.W.3d 102, 105 (Ky. 2023). KRS 533.020(4) provides in relevant part:

> The period of probation . . . shall be fixed by the court and at any time may be extended or shortened by duly entered court order . . . . Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony . . . . Upon completion of the probationary period . . . the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation . . . has not been revoked.

Here, the circuit court imposed the statutory maximum five-year term of probation, Moreover, restitution is not at issue nor was any warrant pending for Hampton. Facially, therefore, Hampton's probation was set to expire on January 13, 2025.

But precedent allows a defendant to knowingly and voluntarily agree to extend his or her probationary period beyond that five-year statutory maximum. According to our Supreme Court:

> the purpose of the statute [KRS 533.020] (to protect the convicted defendant) is not served if it is interpreted to preclude a *knowing and voluntary waiver* of the five year limitation by a defendant in exchange for avoiding a revocation of his probation and imprisonment. Where, as

-6-

in this case, the period of probation is extended beyond the statutory five year period at the request of the defendant in order to avoid a more severe sanction for violating the original terms of probation, a statutory interpretation which would disallow such an extension would be *contrary* to the defendant's interests rather than protective of them. In short, an interpretation that would allow an extension of a probationary period *knowingly and voluntarily requested by a defendant* is more in harmony with the underlying purpose of the statute than an interpretation that would not allow it.

*Griffin*, 942 S.W.2d at 291 (italics in *Griffin*). Thus, "*Griffin* requires the defendant's knowing and voluntary consent" for a court to retain jurisdiction past the statutory five-year maximum cutoff date. *Miller v. Commonwealth*, 391 S.W.3d 801, 806 (Ky. 2013). Unless a defendant has consented to extend probation past that cutoff, "the defendant shall be deemed finally discharged by operation of law." *Id.* at 807 (internal quotation marks and citations omitted).

We therefore must determine whether Hampton knowingly and voluntarily agreed to extend his probation beyond January 13, 2025—the statutory maximum expiration date. Because Hampton did not explicitly agree to do so, we must resolve whether his request to postpone his revocation hearing beyond the statutory cutoff date inherently showed he agreed to extend his probation past that date. The parties have not cited, nor did we independently locate, published precedent directly resolving this question.

-7-

In November 2024, Hampton's then-counsel asked the trial court to delay his probation revocation hearing until after his January 24, 2025, district court trial date. A court lacks jurisdiction to conduct revocation proceedings if the defendant's probation has already expired. *Conrad*, 315 S.W.3d at 315. And Hampton asked for the extension for his own benefit because he believed his probation might not be revoked if he were acquitted in district court. We cannot accept Hampton's semantic argument that he only agreed to postpone the hearing, not to extend probation itself.

Under Hampton's theory, a probationer may ask the court to postpone a hearing until a date when the court would lack jurisdiction to conduct the hearing, meaning the probationer would avoid revocation entirely if the court grants the request for a continuance. That approach deprives the Commonwealth of its right to seek revocation. Here, for example, the Commonwealth opposed many of Hampton's continuance requests. Nonetheless, the trial court granted them. Under Hampton's theory, the trial court's decision caused the demise of the revocation proceedings even though the Commonwealth wanted to conclude the revocation proceedings before Hampton's probation was set to expire.

In contrast to Hampton's theory, our conclusion protects the rights of the probationer and the Commonwealth. We decline to hold that a probationer may thwart revocation simply by seeking and obtaining a hearing date past the date

upon which probation would otherwise expire. A probationer cannot be forced to agree to extend his or her probation past the date upon which probation would expire as a matter of law, but a probationer may request that a final revocation hearing be held beyond that date. However, when a probationer makes such a request, the probationer has implicitly agreed to extend his or her probationary period through the date upon which he or she requests the new hearing to be held.[2] Because the probationer has thus knowingly and voluntarily agreed to extend his or her probation through the new hearing date, the trial court retains jurisdiction over the probation revocation proceedings through that new hearing date.

Here, that means the trial court's order extending Hampton's probation was valid and effective because it was issued prior to the date his probation would have expired and he had implicitly agreed to extend probation

---

[2] We are aware that we have at least twice held that a defendant must explicitly agree to extend probation past the five-year statutory maximum. *Beckman v. Commonwealth of Kentucky*, No. 2013-CA-000214-MR, 2014 WL 6881109, at *2 (Ky. App. Dec. 5, 2014) (unpublished) ("If the Commonwealth and a defendant wish to extend the probation term beyond the five-year limit, the record must contain an express waiver by the defendant."); *Smith v. Commonwealth*, No. 2015-CA-001331-MR, 2016 WL 7176905, at *3 (Ky. App. Dec. 9, 2016) (unpublished) ("The Commonwealth believes that Smith's request to delay the revocation hearing until after the disposition of the robbery charge is equivalent to a waiver of the five-year probationary period for which he received the benefit of not being revoked. We reject the Commonwealth's argument. Unlike the probationer in *Griffin*, Smith did not knowingly and voluntarily request that his probation be extended. Smith requested that the court postpone the hearing until after the disposition of the robbery charge so that he might better defend against the charges. Smith could not have concluded when he asked for a continuance that he was agreeing to indefinitely waive the five-year limitations period on his probation.") (paragraph break omitted). However, "unpublished opinions are not binding precedent" so "we are not required to follow their holdings." *Johnson v. Commonwealth*, 659 S.W.3d 832, 837 (Ky. App. 2021).

until after the conclusion of the district court proceedings. Of course, better practice would be for the looming expiration of probation to be discussed on the record whenever a probationer asks to postpone a revocation hearing beyond the date when probation would otherwise expire as a matter of law.

Briefly, we also agree with the Commonwealth that Hampton is estopped from arguing that the circuit court lost jurisdiction over the revocation proceedings on January 13, 2025. In *Griffin*, our Supreme Court held that a defendant who agreed to extend probation past the statutory limit was estopped from "attacking the trial court's jurisdiction to revoke his probation." *Griffin*, 942 S.W.2d at 292. Hampton knowingly asked the trial court to delay the revocation hearing past the date upon which his probation was set to expire. In court appearances in February and May 2025, Hampton did not argue that his probation had expired. Instead, Hampton first raised that argument in June 2025, when his revocation hearing began. Hampton's silence in February 2025 and again in May 2025 estop him from later arguing that his probation expired in January 2025.

Finally, we conclude *Moreland*, *supra*, did not eliminate Hampton's ability to agree to extend his probation past the five-year statutory maximum. In *Moreland*, our Supreme Court pointedly refused to "declare *Griffin* to have held something beyond what its facts and language clearly portend . . . ." *Moreland*, 681 S.W.3d at 107. The facts of *Griffin* involved a defendant who agreed to

-10-

extend probation to complete his restitution. *Griffin*, 942 S.W.2d at 290. Thus, as the Commonwealth notes, one plausible reading of *Moreland* is that "*Griffin* may be limited to circumstances in which a defendant requests an extension of [his or her] probation for the purpose of paying restitution." Appellee Brief, p. 12-13.

We conclude that Hampton was permitted to agree to extend his probation despite restitution not being at issue. Limiting *Griffin* by *only* allowing defendants who owe restitution to agree to extend their probation would directly contrast with the expansive view of *Griffin* found in at least two other opinions of our Supreme Court.

For example, in *Commonwealth v. Wright*, 415 S.W.3d 606, 611 n.3 (Ky. 2013), our Supreme Court broadly cited *Griffin* to have held that "even without a finding of necessity, a probationer may knowingly and voluntarily agree to an extension of probation beyond five years, for example to avoid revocation of probation." In *Moreland*, our Supreme Court did not note any disagreement with its interpretation of *Griffin* in *Wright*. Similarly, in *Dulin*, our Supreme Court broadly interpreted its holding in *Griffin* to be "that the five-year statutory limitation on a probationary period can be waived by a probationer's knowing and voluntary request for extension of his probationary period in exchange for avoiding revocation of probation and imprisonment, and when that occurs, the trial court's jurisdiction is extended beyond the original probationary period." *Dulin*, 427

-11-

S.W.3d at 171 (footnotes and citations omitted). Our Supreme Court in *Moreland* did not note any disagreement with its interpretation of *Griffin* in *Dulin*.

Because *Moreland* does not discuss the broad interpretation of *Griffin* found in cases such as *Wright* and *Dulin* (*Moreland* does not even cite to either *Wright* or *Dulin*), any overruling of *Wright* and *Dulin* in *Moreland* would have to have been accomplished silently. Kentucky does not favor the silent overruling of precedent. *See, e.g.*, *U.S. Fidelity & Guar. Co. v. Tech. Minerals, Inc.*, 934 S.W.2d 266, 269 (Ky. 1996). As the United States Supreme Court has held about its own precedent, a high court "does not normally overturn, or so dramatically limit, earlier authority *sub silentio*." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 18, 120 S. Ct. 1084, 1096, 146 L. Ed. 2d 1 (2000). We conclude that if our Supreme Court had intended in *Moreland* to overrule its prior interpretations of *Griffin* in *Wright* and *Dulin*, "it would have said so expressly and not left it to implication." *Rodgers v. Commonwealth*, 285 S.W.3d 740, 746 (Ky. 2009).

As an intermediate appellate court, we are strictly bound to follow the published opinions issued by our Supreme Court. *See* Rules of the Kentucky Supreme Court ("SCR") 1.030(8)(a). Our Supreme Court has not overruled *Wright* or *Dulin*. Therefore, we shall abide by the binding interpretation of *Griffin* found in *Wright* and *Dulin* and so we conclude that *Moreland* did not deprive Hampton of the ability to agree to extend his probation past the five-year statutory maximum.

-12-

**CONCLUSION**

For the foregoing reasons, the order of the Butler Circuit Court revoking Nathan Hampton's probation is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ryan D. Mosley
Assistant Solicitor General
Frankfort, Kentucky